UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACOREY SATTERWHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHARON COOPER,<br><br>　　　　Defendant.<br><br>　　*And Related Cases.* | Case No. 17-cv-00628 NC<br><br>Case No. 17-cv-00934 NC<br><br>Case No. 17-cv-00981 NC<br><br>**REQUEST FOR REASSIGNMENT AND RECOMMENDATION TO DISMISS COMPLAINTS WITHOUT PREJUDICE UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 1, 2 |

　　　　Pro se plaintiff DaCorey Satterwhite filed three civil complaints, all assigned to the same magistrate judge. The first case he filed was against Sharon Cooper in case No. 17-cv-00628 NC. Dkt. Nos. 1, 2. In the complaint, Satterwhite asserts that Cooper, his ex-girlfriend, used "Radio Frequency" implants to frame him and used the implants in order to kill Satterwhite for insurance money. He asserts conspiracy under 18 U.S.C. § 241.

　　　　In a second complaint, in case No. 17-cv-00934, Satterwhite alleges that Dr. Randy Dun Hsin, a physician at Kaiser Permanente, committed medical malpractice in February 2017 by telling Satterwhite that he does not have chest tumors. Dkt. No. 1.

　　　　In a third complaint, in case No. 17-cv-00981, Satterwhite alleges that Kaiser Permanente committed medical negligence against him. This claim appears to arise from Case No.17-cv-00628 NC

the same conduct that Satterwhite challenges in the case against Dr. Hsin.

The Court determined that these three cases were administratively related. Dkt. No. 7.

On May 15, 2017, the Court dismissed all three complaints with leave to amend, finding that Satterwhite's complaints did not establish federal subject matter jurisdiction and also did not follow the required standards for pleading. Dkt. No. 10. Satterwhite did not respond to the order; did not file an amended complaint by the May 30 deadline; and did not appear for the case management conference on May 10. Since filing the complaints, Satterwhite has not made any further filings and mail to him from the Court has been returned as undeliverable. Satterwhite also has not responded to the Court's requests that he elect to consent or decline the jurisdiction of a magistrate judge under 28 U.S.C. §636(c).

Because not all parties have consented to magistrate judge jurisdiction, the clerk of court is requested to reassign these cases to a U.S. District Court Judge in the San Jose venue. The June 21 case management conference is VACATED.

I recommend that the District Court Judge dismiss all three cases without prejudice for two reasons. First, Satterwhite has not demonstrated federal subject matter jurisdiction, as explained in the May 15 order. Second, Satterwhite has failed to prosecute his cases, in that he has not responded to court orders, did not appear for the case management conference, and has not provided the court for a way to contact him. Fed. R. Civ. P. 41(b). Dismissal without prejudice means that Satterwhite may re-file his claims in state court if there is a legal basis to do so.

If Satterwhite objects to this recommendation, he must file specific written objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

Finally, the Court informs Satterwhite that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San

Case No. 17-cv-00628 NC    2

Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: June 6, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge